UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SABRINA ANDREWS, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:10-cv-00624-RCJ-VPC |
| HCR MANOR CARE MEDICAL SERVICES OF FLORIDA, LLC, | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

This diversity action arises out of Plaintiff's employment termination, allegedly for reasons in violation of the strong public policy of the State of Nevada. Pending before the Court is a Motion to Dismiss (ECF No. 5). For the reasons given herein, the Court grants the motion.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Sabrina Andrews worked for Defendant HCR Manor Care Medical Services of Florida, LLC ("HCR") as a certified nursing assistant from September 2009 until she was fired on May 20, 2010. (Am. Compl. ¶ 2, Sept. 7, 2010, ECF No. 1, at 5). Plaintiff alleges she was fired for refusing to give a patient a shower when instructed to do so by a nurse. (*See id.* ¶ 4). Plaintiff alleges she refused to give the patient a shower for two reasons, and that she communicated these reasons to the nurse, who then repeated the order that Plaintiff give the patient a shower: (1) the patient "was sick with cramps and vomiting"; and (2) the resident "had

refused a shower." (*Id.*). Plaintiff was suspended without pay and fired. (*Id.* ¶ 6). Plaintiff anticipates Defendant will argue that she was fired for her history of absenteeism and for failure to follow procedures concerning patients who had refused meals, and she argues these explanations will be pretext. (*See id.* ¶¶ 7–8).

Plaintiff sued Defendant in state court. The Amended Complaint ("AC"), also filed in state court, contains a single claim for tortious discharge. Plaintiff seeks past and future general damages, as well as an injunction forcing Defendant to reinstate her. Defendant removed and has moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is

1  plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v.
2  Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

3  "Generally, a district court may not consider any material beyond the pleadings in ruling
4  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the
5  complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,
6  1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged
7  in a complaint and whose authenticity no party questions, but which are not physically attached
8  to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without
9  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14
10 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial
11 notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282
12 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the
13 motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d);
14 *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

15 **III.  ANALYSIS**

16 Defendant argues that because Plaintiff was an at-will employee, she can state no claim
17 for tortious discharge unless she alleges having been fired for a reason against the "strong public
18 policy" of the State of Nevada. Defendant then argues that Plaintiff has not alleged any such
19 reason for her termination.

20 "Under Nevada law, the absence of a written contract gives rise to the presumption that
21 employment is at will." *Brooks v. Hilton Casinos, Inc.*, 959 F.2d 757, 759 (9th Cir. 1992) (citing
22 *Vancheri v. GNLV Corp.*, 777 P.2d 366, 368 (Nev. 1989)). At-will employment can be
23 terminated without liability by either the employer or the employee at any time and for any
24 reason or no reason, *Martin v. Sears-Roebuck & Co.*, 899 P.2d 551, 554 (Nev. 1995), with
25 limited exceptions based on "strong public policy," *see Hansen v. Harrah's*, 675 P.2d 394, 396

(Nev. 1984) (holding that an at-will employee can bring an action for retaliatory discharge when fired in retaliation for filing a worker's compensation claim). As Plaintiff has not specifically alleged a written contract, for the purposes of the present motion the presumption of at-will employment applies.

An employer may be liable for tortious discharge in Nevada in the context of an at-will employment relationship where it terminates an employee in a way repugnant to the strong public policy of the state. *Hansen*, 675 P.2d at 396. The Supreme Court of Nevada has noted that terminating an employee "for seeking industrial insurance benefits, for performing jury duty or for refusing to violate the law" are examples of violations of strong public policy. *See D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991). Not all terminations contrary to the express public policy of the state, however, necessarily implicate the strong public policy exception to the at-will employment rule, *see, e.g.*, *Sands Regent v. Valgardson*, 777 P.2d 898, 899 (Nev. 1989) (age discrimination), and firings for garden-variety insubordination are not contrary to public policy at all, *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996).

Here, Plaintiff alleges two tortious reasons for her termination. First, she argues that she refused to follow the order to give the patient a shower because the patient was ill. This reason fails as a matter of law to support the strong public policy exception to the at-will employment rule. Reasonable persons can disagree over what treatment or care is in the best interests of a patient. A shower is not necessarily ill-advised simply because a patient exhibits symptoms of illness. A nursing assistant (often called a resident assistant or "RA") is not nearly so well trained in making such determinations as a licensed practical nurse ("LPN") or a registered nurse ("RN"), and presumably the "nurse" who gave Plaintiff the order was an LPN or an RN. In summary, Plaintiff's refusal to shower a patient based on her disagreement with a nurse over whether that care was in the best interests of the patient constitutes garden-variety insubordination, just as if a paralegal refuses to file a motion at the direction of an attorney based

on the paralegal's estimation that the filing is not in the best interests of the client.

Second, Plaintiff alleges the patient had refused to be showered. This issue is somewhat more difficult, but the Court finds that it does not implicate the strong public policy exception because the Nevada Supreme Court has not explicitly adopted this exception. Even without invoking the statutory right of a patient to refuse care, *see* Nev. Rev. Stat. § 499.720(1)(b), showering a person without consent may constitute a criminal battery, *see* § 200.481(1)(a) ("'Battery' means any willful and unlawful use of force or violence upon the person of another."). However, the Nevada Supreme Court has only identified "refusal to violate the law" in dicta, *see D'Angelo*, 819 P.2d at 212, not in the context of a case presenting such facts. The Nevada Supreme Court is extremely protective of the at-will employment rule and does not adopt exceptions lightly. In fact, it does not automatically adopt exceptions even where supported by explicit legislative statements of public policy. *See Valgardson*, 777 P.2d at 899 ("Clearly, Nevada has a public policy against age discrimination. Nevertheless, we do not perceive that our public policy against age discrimination is sufficiently strong and compelling to warrant another exception to the 'at-will' employment doctrine."). In that case, the Court rejected an exception for age discrimination in the face of a statute explicitly stating: "It is hereby declared to be the public policy of the State of Nevada to . . . foster the right of all persons reasonably to seek, obtain and hold employment . . . without discrimination, distinction or restriction because of . . . age . . . ." *See id.* at 900 n.3 (quoting Nev. Rev. Stat. § 233.010(1)).

It is very unlikely the Nevada Supreme Court would adopt a general exception to the at-will employment rule applicable to all cases where an employee refuses to perform some act that might possibly constitute a violation of law. The Court would be more likely to adopt limited exceptions on a case-by-case basis, and only in very extreme situations where an employee was clearly instructed to commit a serious felony, such as murder, burglary, or fraud—cases where there can be absolutely no doubt on the part of the employer that the command is illegal. In

cases such as the present one, where carrying out the instruction (to give a shower to a reluctant patient) would constitute at most misdemeanor battery, and where the illegality of the act is far from clear because of uncertainty about the patient's consent,[1] the Nevada Supreme Court would not likely adopt an exception to the at-will employment rule.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED.

IT IS SO ORDERED.

Dated: This 30th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge

---

[1] Plaintiff only alleges that the patient had refused a shower, but she does not allege that the patient refused in the presence of the nurse. In the nursing-home context, an employee such as Plaintiff could easily avoid many duties by simply alleging lack of consent by a patient, and a nurse may not have time to investigate.